UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS EDWARD CAMPBELL                                                        PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:15CV803-TSL-RHW

DR. UNKNOWN ABANGAN et al                                                 DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Thomas Edward Campbell, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint. Plaintiff alleges that he has not received proper medical treatment for hemorrhoids. Doc. [1]. Plaintiff later added claims requesting that RVRs be overturned. Doc. [10]. By order dated February 22, 2016, the Court severed the RVR claims because they sought restoration of lost earned time; therefore, the Court concluded that Plaintiff must pursue a writ of habeas corpus as to those claims. Doc. [16]. Plaintiff also added allegations that he was sexually assaulted by one inmate and stabbed by another. Doc. [9]. Plaintiff has filed a motion for temporary restraining order and for preliminary injunction relating to these failure-to-protect claims. Doc. [21]. He argues that he is in fear for his life and requests a transfer to another facility.

The purpose of a temporary restraining order (TRO) or preliminary injunction is to protect against irreparable injury and preserve the status quo until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

(1)     a substantial likelihood that plaintiff will prevail on the merits;

>    (2)    a substantial threat that irreparable injury will result if the injunction is not granted;
>    (3)    that the threatened injury outweighs the threatened harm to defendant; and
>    (4)    that granting the preliminary injunction will not disserve the public interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. FED. R. CIV. P. Rule 65(b).

Plaintiff alleges that prison officials failed to protect him from assaults by other inmates. He makes vague assertions that he is in fear for his life that "at any moment they could find him and come to get him". In an affidavit, he alleges specific facts about the stabbing and sexual assault. Doc. [22]. These events occurred in Unit 1. Plaintiff complains that EMCF does not have protective custody. When he refused to be released back into general population in Unit 1, prison officials placed him in the Restrictive Housing Unit (R.H.U.) instead. Plaintiff was later placed in Unit 6, where he contends he is in constant fear for life. In support of this allegation, he states that he was robbed on January 30, 2016.

The fact that Plaintiff was stabbed and sexually assaulted while in Unit 1, does not establish a present danger to his health and safety. Plaintiff admits in his affidavit that he was not placed back into Unit 1 after the alleged assaults. Rather, he first was placed in R.H.U. and later

moved to Unit 6. The fact that another inmate stole his personal property after being moved to Unit 6 does not establish that Plaintiff's life or health is in danger such that MDOC should be compelled to transfer Plaintiff to another facility. Plaintiff has failed to carry his burden of persuasion. The undersigned recommends that his motions be denied.

## RECOMMENDATION

The undersigned recommends that Plaintiff's [21] Motion for Temporary Restraining Order and Preliminary Injunction be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of June, 2016.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE